LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (SBN: 278521)
sweerasuriya@attorneysforconsumers.com
Adrian R. Bacon, Esq. (SBN: 280332)
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff,*

UNITED STATES SUPERIOR COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MARQUEZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> RELIANT CAPITAL SOLUTIONS, LLC, <br><br> Defendant. | Case No.: <br><br> <u>CLASS ACTION</u> <br><br> COMPLAINT FOR VIOLATIONS OF: <br><br> (1) CALIFORNIA PENAL CODE § 632 <br> (2) CALIFORNA PENAL CODE § 632.7 <br><br> JURY TRIAL DEMANDED |

INTRODUCTION

1.   MIKE MARQUEZ ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of RELIANT CAPITAL SOLUTIONS, LLC, and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California

Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2.  California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.  Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

3.  Similarly, California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone.  There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

JURISDICTION AND VENUE

4.  Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in one class member belonging to a different state than that of Defendant, a

company with its principal place of business and State of incorporation in Ohio State.

5.   "CAFA vests district courts with original jurisdiction over class actions when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interest and costs) and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).  These requirements are satisfied in this action…" [Court Document No. 1, page 2, lines 1-5].

6.   Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

PARTIES

7.   Plaintiff is a natural person residing in Los Angeles County in the State of California.

8.   At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined RFDCPA, Cal Civ Code §1788.2(c).

9.   Defendant is full service accounts receivable management company, and in the business of collecting debts on behalf of its clients.

FACTUAL ALLEGATIONS

10.   At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of the initial complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt owed by Plaintiff.

11.  On or about May of 2014, Defendant called Plaintiff's cellular telephone attempting to collect an alleged debt from Plaintiff. In response, Plaintiff informed Defendant that any and all communication be directed toward Plaintiff's attorney.

12.  Plaintiff is informed and believes Defendant called him from (877) 824-1649.

13.  Defendant contacted and communicated with Plaintiff in regards to an attempt to collect an alleged debt owed.  During this process, Defendant contacted Plaintiff via Plaintiff's cellular telephone. Defendant recorded the call, wherein it was attempting to collect a debt allegedly owed by Plaintiff, without informing Plaintiff.  At no time did Plaintiff ever provide actual or constructive consent to Defendant to record the telephone calls.

14.  Defendant recorded the calls with Plaintiff without receiving consent from Plaintiff.  It is Defendant's pattern and practice to record outgoing calls, which are about individuals' finances and debt, made to California and throughout the United States without informing the individuals that the confidential communications are being recorded.  Plaintiff was unaware that the phone calls Defendant made to him in California, allegedly to collect a debt, were recorded.  There was no pre-call recorded message.  Defendant's representatives never informed Plaintiff that the calls were being recorded.

15.  It is Defendant's pattern and practice to record outgoing calls made to California residents.  The calls are about individuals' finances and debt. Defendant does not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded.  Plaintiff was unaware that the phone calls Defendant made to him in California, allegedly to collect a debt, were recorded.  There was no pre-call recorded message. The Defendant's representatives never informed Plaintiff that the calls were being recorded.

ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

16.  Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the phone calls it made to Plaintiff and members of the California Class without their knowledge or consent.

17.  Defendant concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

18.  Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and members of the California Class that they were not being recorded.  At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded.  Such warnings are ubiquitous today.

19.  Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and other members of the California Class that the phone calls were being recorded.

CLASS ALLEGATIONS

20.  Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class") and ("The Sub-Class").

21.  Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose outbound telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

22.  Furthermore, Plaintiff represents, and is a member of, "The Sub-Class" defined as follows: "All persons in California whose outbound cellular

telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

23. Defendant, and its employees and agents are excluded from The Class and The Sub-Class.   Plaintiff does not know the number of members in The Class and The Sub-Class, but believe this number to be in the tens of thousands, if not more.   Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and The Sub-Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.   Plaintiff reserves the right to expand The Class and The Sub-Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25. The joinder of The Class and The Sub-Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.   The Class and The Sub-Class can be identified through Defendant's records.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.   The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a.  Whether Defendant has a policy of recording outgoing calls;

   b.  Whether Defendant has a policy of recording outgoing calls initiated to a cellular telephone;

   c.  Whether Defendant discloses to callers and/or obtains their consent that their outgoing telephone conversations were being recorded;

   d.  Whether Defendant's policy of recording outgoing calls constituted a violation of California Penal Code §§ 632(a); and, 637.

e. Whether Defendant's policy of recording outgoing calls to cellular telephones constituted a violation of California Penal Code § 632.7

f. Whether Plaintiff, The Class and The Sub-Class were damaged thereby, and the extent of damages for such violations; and

g. Whether Defendants should be enjoined from engaging in such conduct in the future.

27. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

28. Plaintiff is asserting claims that are typical of The Sub-Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

29. Plaintiff will fairly and adequately represent and protect the interests of The Class and The Sub-Class in that Plaintiff has no interest antagonistic to any member of The Class and The Sub-Class.  Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

30. Plaintiff and the members of The Class and The Sub-Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, The Class and The Sub-Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class and The Sub-Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of The Class and The Sub-Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

32.   Defendant has acted on grounds generally applicable to The Class and The Sub-Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class and The Sub-Class as a whole.

FIRST CAUSE OF ACTION

INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

[BY PLAINTIFF AND THE CLASS MEMBERS AGAINST ALL DEFENDANTS]

33.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.   Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the

recording of telephone conversations without the knowledge or consent of all parties to the conversation.

35. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

36. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

37. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

38. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.6(a).

39. At no time during which these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class that the recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

40. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

41. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

42. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

SECOND CAUSE OF ACTION

INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

[BY PLAINTIFF AND THE SUB-CLASS MEMBERS AGAINST ALL DEFENDANTS]

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

45. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular

phone or cordless phone.  For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

46.  As before, Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

47.  Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

48.  Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Sub-Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

49.  Based on the foregoing, Plaintiff and the members of The Sub-Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2

50.  Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Sub-Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

PRAYER FOR RELIEF

CLASS CLAIMS

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, The Class and The Sub-Class members the following relief against Defendant:

51.  That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

52. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

53. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Sub-Class;

54. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Sub-Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

55. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

56. For exemplary or punitive damages;

57. For costs of suit;

58. For prejudgment interest at the legal rate; and

59. For such further relief as this Court deems necessary, just, and proper.

TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: s/Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE